UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISRAEL PERL | )<br>) |
| Plaintiff | ) Case Number:<br>) |
| vs. | )<br>) CIVIL COMPLAINT |
| COLLECTO, INC d/b/a EOS, CCA | )<br>) |
| | ) JURY TRIAL DEMANDED |
| Defendant | )<br>) |

**13 CV 0617**

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Israel Perl, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Israel Perl, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as violations of the New York General Business Law §349.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Plaintiff resides in this district.

### III. PARTIES

4. Plaintiff, Israel Perl, (hereafter, Plaintiff) is an adult natural person residing in Monroe, New York. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Collecto, Inc. d/b/a EOS, CCA (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York and the State of Massachusetts, with a primary location at 700 Longwater Drive, Norwell, MA 02061.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about July 13, 2012 Plaintiff received a letter from the Defendant stating they were retained to collect on an alleged consumer debt from Frontier Communication Comm. **See EXHIBIT "A" (notice) attached hereto.**

8. Plaintiff has never received any calls from the Defendant regarding this alleged consumer debt.

9. The Plaintiff is said to owe $846.25.

10. On or about August 6, 2012 Plaintiff wrote a letter to the Defendant asking for validation of said debt since he was disputing it. **See EXHIBIT "B" (notice) attached hereto.**

11. On or about August 14, 2012 Plaintiff received a letter from the Defendant reminding the Plaintiff that he has a "Scheduled" payment due immediately.

12. Defendant ignored the Plaintiff's request and never validated the alleged consumer debt. **See EXHIBIT "C" (notice) attached hereto.**

13. Plaintiff never entered into a payment arrangement with the Defendant.

14. Defendant is trying to collect this alleged consumer debt using a name other than their own.

15. Defendant continues to try to collect on this alleged consumer debt even after the Plaintiff told the Defendant he was disputing it.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt, especially that of one belonging to another.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged consumer debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692c(c): | After written notification that consumer refuses to pay debt or that consumer wants collector to cease communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692e(14): | Any name other than the true name of the debt collector's business |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g(b): | Collector must cease collection efforts until debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
### Violations of New York General Business Law §349

24. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

25. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

26. GBL §349 provides in relevant part as follows:

   (a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

   (g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

   (h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful

act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

27. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

  a. Actual damages

  b. Statutory damages

  c. An award of reasonable attorney's fees and expenses and cost of suit; and

  d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

### III. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN LAW GROUP, P.C.**

Date:  January 9, 2013

BY: _____
Bruce K. Warren, Esquire

Warren Law Group, PC
58 Euclid Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)324-9081
Attorney for Plaintiff

# EXHIBIT "A"

DATE: 07/13/2012

6341 Inducon Drive East
Sanborn, NY 14132-9097



**AGENCY ACCT NO.:**
**CREDITOR:** FRONTIER COMMUNICATIONS COMM
**REFERENCE:**
**AMOUNT DUE:** 846.25

EOS CCA
300 Canal View Blvd Ste 130
Rochester NY 14623
(866) 399-6226
(585) 256-8814

**ID. NO:**
0601    *A-01-06U-AM-00439-2

ISRAEL PEARL


EOS CCA
300 CANAL VIEW BLVD STE 130
ROCHESTER NY 14623-2811

*PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT*

---

As a result of non-payment, the above mentioned account has been referred to our office for resolution.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED
WILL BE ASSESSED A $20.00 PROCESSING FEE.**

**\*\*THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# EXHIBIT "B"

August 6, 2012

From:
Israel Pearl


To:
EOS CCA
300 Canal View Blvd. Suite 130
Rochester, NY 14623

RE: Account # 7020625

This letter is lawful notification to EOS CCA, as the first step of due process of law pursuant to the Bill of Rights and the Federal Constitution, in particular Articles I, IV, V, VII, and IX of the Amendments.

Please take Notice that Israel Pearl <u>CONDITIONALLY ACCEPTS YOUR CLAIM UPON BONA FIDE PROOF that your claim is lawful and valid.</u>

Please take lawful notice that in order to effect this *BONA FIDE PROOF*, EOS CCA via a legally authorized representative is lawfully required and hereby demanded to respond point by point in Truth, Fact, and Evidence to each and every item set forth in this correspondence pursuant to the Fair Credit Reporting Act 15 U.S.C. §1681, before he or his Authorized Representative can make an offer to settle EOS CCA's alleged claim in this matter.

Please provide the following:

1. A copy of the contract that binds myself, a Natural Person, and EOS CCA, a creature of the State who is defined as an ARTIFICIAL PERSON;

2. PROOF OF CLAIM via certified, notarized, specific, and relevant documents that EOS CCA:

    a. Has any contract or agreement which lawfully compels this Natural Person to accept and/or respond to any communications from EOS CCA.
    b. Is a lawful and valid party in interest in this matter.
    c. Is not an unrelated third party.
    d. Is not an unrelated third party debt collector.
    e. Did not purchase this alleged debt for an agreed upon cost from an alleged other COMPANY, CORPORATION, or Party.
    f. Is not acting on its own behalf and/or interests in this instant matter.
    g. When and how did you get my permission to obtain my consumer credit report.





# EXHIBIT "C"

556 7020625 072612 1

EOS CCA
P.O. BOX 31131
ROCHESTER, NEW YORK 14603
(866) 399-6226

ISRAEL PEARL

08/14/12

THIS IS A REMINDER THAT YOUR SCHEDULED PAYMENT IS DUE IMMEDIATELY.

CORDIALLY YOURS,

DAVID SMITH
COLLECTION DIVISION

SPEC.
CREDITOR      : FRONTIER COMMUNICATIONS COMM
REFERENCE NO:
ACCOUNT NO   :
AMOUNT DUE   : $846.25

**THE PURPOSE OF THIS LETTER IS TO COLLECT A DEBT, AND ANY INFORMATION
OBTAINED AS A RESULT OF THIS CORRESPONDENCE WILL BE USED FOR THAT PURPOSE

EOR